1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIKOLAY SLOBODA,

                     Plaintiff,

    v.

DOC GOVERNMENT,

                     Defendant.

Case No. C16-1705-RSM-MAT

REPORT AND RECOMMENDATION

       Plaintiff Nikolay Sloboda is a State prisoner who is currently confined at the Monroe Correctional Complex – Special Offender Unit. On November 2, 2016, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. (*See* Dkt. 1.) Plaintiff indicated in his complaint that he is serving a 244 month sentence for a second degree murder conviction and he asked to be released, or to have his sentence reduced. (*See* Dkt. 1-1 at 3-4.) Plaintiff asserted that he did a good thing for the community in killing his victim, and he maintained that he doesn't deserve to suffer the "pains" associated with his ongoing incarceration. (*Id*. at 3.) Among the "pains" identified by plaintiff were: harassment by officers at various facilities; forced medication resulting in painful side effects; assaults by officers; and, multiple fights. (Dkt. 1-1 at 3.)

REPORT AND RECOMMENDATION - 1

1 Plaintiff identified DOC Government as the lone defendant in this action. (*See id*. at 1-2.)

2 On November 8, 2016, the Court issued an Order granting plaintiff's application to
3 proceed *in forma pauperis* and his complaint was filed. (Dkts. 4 and 5.) On the same date, the
4 Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend.
5 (Dkt. 6.) In that Order, the Court advised plaintiff that, to the extent his claims could be
6 construed as challenging the lawfulness of his confinement, the claims were likely barred by
7 *Heck v. Humphrey*, 512 U.S. 477 (1994), because nothing in plaintiff's complaint suggested that
8 his conviction had been invalidated in any way.[1] (*Id*. at 2.)

9 The Court further advised plaintiff that, to the extent he may be attempting to assert
10 claims in the nature or excessive force, failure to protect and/or inadequate medical care, he had
11 failed to identify a viable defendant in relation to such claims. (*Id*. at 2-3.) The Court explained
12 that the Washington Department of Corrections ("DOC") is an agency of the State of
13 Washington and, thus, that any intended claim against the DOC was essentially one against the
14 State itself and was therefore barred under the Eleventh Amendment. (*Id*. at 3, citing *Regents of*
15 *the University of California v. Doe*, 519 U.S. 425, 429-31 (1997)). Plaintiff was granted thirty
16 days within which to file an amended complaint curing the specified deficiencies, and was
17 advised that his failure to do so would result in a recommendation that this action be dismissed
18 for failure to state a claim upon which relief may be granted. (*Id*.) To date, plaintiff has filed no
19 amended complaint.

20 When a complaint is frivolous, malicious, fails to state a claim on which relief may be
21 granted, or seeks monetary relief against a defendant who is immune from such relief, the Court

---

[1] In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

REPORT AND RECOMMENDATION - 2

may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to adequately allege a cause of action under § 1983 in his original civil rights complaint, and because he elected not to file an amended complaint, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 13, 2017**.

DATED this 21st day of December, 2016.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3